"White, J.
There are only two questions we deem it necessary to determine in this case :
1. Whether the city council were authorized to raise by levy on all the property in the city on the general duplicate,, the necessary amount of money to pay the cost and expenses-of widening and opening Long street ?
2. If such levy is authorized, whether it must be included in the maximum fixed by section 648 of the municipal code-for cities of the class to which Columbus belongs ?
The first question depends on the proper construction of section 539 in connection with section 583 of the municipal-code, as these sections were amended April 12, 1873. 70-Ohio L. 127.
In giving construction to these amended sections it is important to observe the system introduced by the code for the-government of municipalities, and the classification which it makes of their various powers and duties.
Chapter 15, which consists of section 199, is devoted to-defining the general powers of municipal corporations. Among the powers granted is the power “ to lay off, establish, open, widen, straighten, extend, improve, keep in order and repair . . streets.”
Chapter 47 has reference to the appropriation by the-municipalities of private property for public uses. Among the uses to which such property is authorized to be appropriated is the “ opening, widening, straightening, and extending streets.”
In the exercise of these general powers, in the absence of special provisions on the subject, the costs and expenses-would have to be raised by general taxation of the property within the corporation.
Section 539, now in question, is part of chapter 48. That chapter prescribes general rules relative to improvements- and special assessments.
Section 583 is found in subdivision 3 of chapter 49. The subdivision is .devoted to special assessments ; and section 583 and all the sections named in it refer solely to that sub-ject. These sections provide two ways in which special as *535 sessments may be paid or satisfied: 1. By enforcing the assessment; 2. By levy upon all the property on the general duplicate.
The mode last named is authorized to be resorted to •when the,, improvement passes by or through public property, or the property of public institutions or establishments, as specified in section 582. In such case, it is declared that “ it shall be lawful for the council to authorize the proper proportion of the estimate cost of such improvement to be certified to the auditor, and entered for taxation upon the general duplicate of all the real and personal property subject to taxation within the limits of the corporation.” So, also, where the assessment exceeds the amount allowed to he charged upon private property, the excess is to be paid by the corporation out of its general revenue. See. 543.
By section 539, it is declared, in the first place, that for the payment of the cost of certain improvements, including land appropriated for rights of way, “ the council shall levy and assess a tax upon the general duplicate of all the real and personal property subject to taxation within the limits of the corporation.” The proviso declares that where land is appropriated for the purposes of a street, the council “ shall have power to assess the cost and expense of such appropriation and improvement upon the lots or lands benefited thereby, . . . or upon the general duplicate of all the real and xaersonal property subject to taxation within the limits of the corporation, as provided in section 583. . . .”
This last clause is not intended as a repetition of what had been expressed in the preceding part of the section; nor is it intended to restrict the exercise of the power of general taxation for the purposes named, to cases where the street or improvement passes by or through public grounds, as claimed by the defendant.
The object of referring, in section 539, to section 583 is to enable the council, when it determines to make the improvement named in the proviso, by special assessment, to avail itself of the means provided by section 583 for carry *536 ing out and obtaining satisfaction of tbe assessment; and does not affect tbe authority of tbe city to raise by general levy tbe necessary amount of money to pay tbe cost and expenses of widening and opening streets.
Tbe answer to tbe second question is determined by tbe construction given to section 648 of the municipal code, in tbe case of the State ex rel. Cincinnati v. Humphreys. The maximum of taxation allowed Cincinnati and Columbus is different, but otherwise tbe principle decided in that case determines this. We see’ no just ground on which taxes raised by general levy, for tbe improvement of streets, can be excluded from tbe aggregate amount of taxes to tbe levying of which corporations are restricted by section 648.

Peremptory writ refused.

McIlvaine, C. J., Welch, Rex, and G-ilmore, JJ., concurred.